FILED
March 12, 2024
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| **LANELL ETHRIDGE** § § § *Plaintiff,* § § **v.** § **CIVIL ACTION NO. 5:23-cv-00264-H-BQ** § **ALLSTATE VEHICLE AND** § **PROPERTY INSURANCE COMPANY** § § *Defendant.* § | |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S SECOND AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Allstate Vehicle and Property Insurance Company ("Allstate" or "Defendant") files this Second Amended Answer to Plaintiff's Original Petition ("Petition) filed in the 99th Judicial District of Lubbock County, Texas.

### I.  DEFENDANT'S ADMISSIONS AND DENIALS

#### Discovery Control Plan

1. Paragraph 1 does not contain any averments that Defendant is required to admit or deny.

#### Claim For Relief

2. Paragraph 2 does not contain any averments that Defendant is required to admit or deny. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought.

---

## Parties

3. Defendant admits the averments in Paragraph 3 upon information and belief.

4. Defendant admits that it does business in the state of Texas and that it may be served at the listed address. Defendant denies the remaining averments in Paragraph 4.

## Jurisdiction and Venue

5. Defendant admits the averments in paragraph 5.

## Conditions Precedent

6. Defendant denies the averments in paragraph 6.

## Agency and *Respondeat Superior*

7. Paragraph 7 does not contain any averments that Defendant is required to admit or deny.

## Facts

8. Defendant admits that Plaintiff owned an Allstate insurance policy.

9. Defendant admits that Plaintiff owned the insured premises upon information and belief.

10. Defendant denies the averments in paragraph 10.

11. Defendant admits that Plaintiff submitted a claim, which Safeco assigned claim number 0660567511. Defendant denies the remainder of the averments in paragraph 11.

12. Defendant denies the averments in paragraph 12.

13. Defendant admits that it assigned an adjuster to Plaintiff's claim. Defendant admits that an inspection took place. Defendant denies the remainder of the averments in paragraph 13.

14. Defendant denies the averments in paragraph 14.

___

15. Defendant denies the averments in paragraph 15.

16. Defendant denies the averments in paragraph 16.

17. Defendant denies the averments in paragraph 17.

18. Defendant denies the averments in paragraph 18.

19. Defendant denies the averments in paragraph 19.

20. Defendant denies the averments in paragraph 20.

21. Defendant denies the averments in paragraph 21.

22. Defendant denies the averments in paragraph 22.

23. Defendant denies the averments in paragraph 23.

24. Defendant denies the averments in paragraph 24.

25. Defendant admits that Plaintiff retained an attorney. Defendant denies the remainder of the averments in paragraph 25.

Causes of Action Against Defendant

A. Breach of Contract

26. Defendant re-alleges and incorporates by reference all previous and subsequent admissions or denials.

27. Defendant denies the averments in paragraph 27.

28. The insurance policy at issue in this lawsuit speaks for itself. Defendant denies the remainder of the averments in paragraph 28.

29. Defendant denies the averments in paragraph 29.

30. Defendant denies the averments in paragraph 30.

B. Non-Compliance With Texas Insurance Code

   1. <u>Unfair Settlement Practices</u>

___

31. Defendant re-alleges and incorporates by reference all previous and subsequent admissions or denials.

32. Defendant denies the averments in paragraph 32.

33. Defendant denies the averments in paragraph 33.

34. Defendant denies the averments in paragraph 34.

35. Defendant denies the averments in paragraph 35.

36. Defendant denies the averments in paragraph 36.

37. Defendant denies the averments in paragraph 37.

38. Defendant denies the averments in paragraph 38.

2.  <u>The Prompt Payment of Claims</u>

39. Defendant denies the averments in paragraph 39.

40. Defendant denies the averments in paragraph 38.

41. Defendant denies the averments in paragraph 41.

42. Defendant denies the averments in paragraph 42.

3.  <u>Breach of the Duty of Good Faith and Fair Dealing</u>

43. Defendant re-alleges and incorporates by reference all previous and subsequent admissions or denials.

44. Defendant denies the averments in paragraph 44.

45. Defendant denies the averments in paragraph 45.

46. Defendant denies the averments in paragraph 46.

47. Defendant denies the averments in paragraph 47.

48. Defendant denies the averments in paragraph 48.

___

In The Alternative

49. Defendant denies the averments in paragraph 49.

50. Defendant denies the averments in paragraph 50.

51. Paragraph 51 does not contain any averments to be admitted or denied.

52. Paragraph 52 does not contain any averments to be admitted or denied.

Waiver and Estoppel

53. Defendant denies the averments in paragraph 53.

Damages

54. Defendant denies the averments in paragraph 54.

55. Defendant denies the averments in paragraph 55.

56. Defendant denies the averments in paragraph 56.

57. Paragraph 57 does not contain any averments to be admitted or denied. Defendant denies that Plaintiff is entitled the damages sought.

58. Paragraph 58 does not contain any averments to be admitted or denied. Defendant denies that Plaintiff is entitled the damages sought.

59. Paragraph 59 does not contain any averments to be admitted or denied. Defendant denies that Plaintiff is entitled the damages sought.

60. Paragraph 60 does not contain any averments to be admitted or denied. Defendant denies that Plaintiff is entitled the damages sought.

61. Paragraph 61 does not contain any averments to be admitted or denied. Defendant denies that Plaintiff is entitled the damages sought.

62. Paragraph 62 does not contain any averments to be admitted or denied. Defendant denies that Plaintiff is entitled the damages sought.

Attorney's Fees

63. Paragraph 63 does not contain any averments to be admitted or denied. Defendant denies that Plaintiff is entitled the damages sought.

Demand Jury

64. Paragraph 64 does not contain any averments to be admitted or denied.

Prayer

64. Paragraph 64 does not contain any averments to be admitted or denied.

## II. ALLSTATE'S VERIFIED DENIALS

65. Plaintiff's failure to satisfy one or more of the policy conditions below constitutes a breach of the policy's "no action" clause. Accordingly, Plaintiff is barred from recovering damages, attorneys' fees, interest or other amounts from Defendant unless and until the policy conditions have been satisfied. Thus, by way of verified denials, Defendant asserts that Plaintiff's policy contains certain conditions that have not been satisfied and that bar Plaintiffs' recovery, in whole or in part, including the following:

**A.   DUTIES AFTER LOSS**

> 3. **What You Must Do After A Loss**
> In the event of a loss to any property that may be covered by this policy, you must:
>
> > a)   promptly give us or our agent notice. Report any theft to the police as soon as possible.
> >
> > b)   protect the property from further loss. Make any reasonable repairs necessary to protect it. Keep an accurate record of any repair expenses.
> >
> > c)   separate damaged from undamaged personal property. Give us a detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claimed.

    d)    give us all accounting records, bills, invoices and other vouchers, or certified copies, which we may reasonably request to examine and permit us to make copies.

    e)    produce receipts for any increased costs to maintain your standard of living while you reside elsewhere, and records supporting any claim for loss of rental income.

    f)    as often as we reasonably require:

        1)    show us the damaged property. We have a right to reasonable and safe opportunities to view and inspect the loss as often as necessary, unimpeded by actions of you or others, including, but not limited to, civil, governmental or military authorities, that prevent us from viewing and inspecting the loss. We may require you to accompany us when we conduct these activities.

        2)    at our request, submit to examinations under oath, separately and apart from any other person defined as you or insured person and sign a transcript of the same.

        3)    produce representatives, employees, members of the insured person's household or others to the extent it is within the insured person's power to do so; and

    g)    Upon our request, send to us your signed sworn proof of loss within 91 days of the date of our request. This statement must include the following information:

        1)    the date, time, location and cause of loss;

        2)    the interest insured persons and others have in the property, including any encumbrances;

        3)    any other insurance that may cover the loss;

        4)    any changes in title, use, occupancy or possession of the property that have occurred during the policy period;

        5)    at our request, the specifications of any damaged building structure or other structure;

> 6) the estimated or actual cost to repair or replace the property stolen or damaged by the loss with materials of like kind and quality;
>
> 7) the amount you have actually spent to repair or replace the property stolen or damaged by the loss; and
>
> 8) in the event that you give us a signed proof of loss, and after submitting that to us, you determine that you want to include a claim for additional damage or loss, you must submit to us a supplemental proof of loss which identifies the amount of the additional loss for each item damaged or stolen.
>
> We have no duty to provide coverage under this section if you, an insured person, or a representative of either fail to comply with items a) through g) above, and this failure to comply is prejudicial to us.
>
> * * *

Plaintiff has failed to perform one or more of the required duties after loss.

### 13. Action Against Us

No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which Section I Conditions applies, unless:

a) there has been full compliance with all policy terms; and

b) the action is commenced within two years and one day from the date the cause of action first accrues; and

c) in the event that you and we fail to agree on the amount of loss claimed by you, unless you have previously provided to us a signed sworn proof of loss, it is a condition under this Action Against Us provision that no later than 91 days prior to commencing any action against us that we receive from you a signed sworn proof of loss, which contains, to the best of your knowledge and belief, the following information:

> 1) the date, time, location and cause of loss;
> 2) the interest insured persons and others have in the property, including any encumbrances;
> 3) any other insurance that may cover the loss;
> 4) any changes in title, use, occupancy or possession of the property that have occurred during the policy period;

___

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S
SECOND AMENDED ANSWER**                                                                                                          **PAGE 8**

  5) at our request, the specifications of any damaged building structure or other structure;

  6) the estimated or actual cost to repair or replace the property stolen or damaged by the loss with materials of like kind and quality;

  7) the amount you have actually spent to repair or replace the property stolen or damaged by the loss; and

  8) in the event that you give us a signed proof of loss, and after submitting that to us, you determine that you want to include a claim for additional damage or loss, you must submit to us a supplemental proof of loss which identifies the amount of the additional loss for each item damaged or stolen.

 d) If after we receive your proof of loss as described in paragraph c) above, you and we are still not able to agree on the amount of loss, then either party may make a written demand for an appraisal, as described in Section I Conditions, Appraisal. If this demand for appraisal is made before an action is filed against us in a court of competent jurisdiction, then the appraisal must occur before a suit can be filed against us. If the demand for appraisal is made after an action has been filed against us in a court of competent jurisdiction, then the parties agree to ask the court to abate the further proceeding of that action until the appraisal is completed and a determination of the amount of loss is made as described in Section I Conditions, Appraisal.

* * *

Plaintiff has failed to meet all of the conditions precedent to bringing this lawsuit against Allstate.

 66. As an additional verified denial, the policy applies only to loss that occurs during the policy period. To the extent that any part of the loss of which Plaintiff complains did not occur during the policy period, the policy provides no coverage for the same.

 67. As an additional verified denial, in the event Plaintiff has sustained covered damages, if any, and such damages do not exceed the applicable deductible, the policy conditions preclude payment on the loss.

### III. <u>DEFENSES</u>

 68. By way of specific defense, Defendant pleads that in the unlikely event Plaintiff recovers monetary damages in this lawsuit, such recovery, if any, is limited by the Limits of Liability contained in Plaintiff's policy and the applicable deductible contained therein.

___

69. As a specific defense, Defendant asserts that Plaintiff's pleadings fail to state facts sufficient to entitle Plaintiff to an award of punitive damages, if any, against Defendant. Defendant further specifically pleads that in the unlikely event it is held liable in the above-referenced matter, the damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001, *et. seq.* of the Texas Civil Practices and Remedies Code, or its predecessor and/or subsequent or related provisions of the Texas Civil Practices and Remedies Code.

70. As a specific defense, Defendant asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Texas in one or more of the following respects, to wit:

   a) Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least clear and convincing evidence standard of proof.
   b) The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

71. Defendant asserts as an affirmative defense that it is incumbent on Plaintiff to segregate her covered damages, if any, due to the February 26, 2022 event made the subject of this lawsuit from any other pre-existing and/or non-related damages at the property.

72. Defendant asserts the existence of a bona fide dispute. The existence of a bona fide dispute precludes Plaintiff from recovering against Defendant on any extra-contractual claims as a matter of law.

73. Defendant asserts that Plaintiff has failed to mitigate her damages.

74. Defendant affirmatively pleads that the damages sought by this lawsuit against it were, in whole or in part, caused by the neglect and/or intent and/or omissions of Plaintiff and/or third person(s) over whom Defendant did not control, had no right of control, and/or no duty over which to exercise control. Plaintiff and/or these third person(s)' acts and/or omissions were the sole proximate cause, sole producing cause, proximate cause, or a cause of the injuries and damages alleged by Plaintiff and cannot be attributed to Defendant.

75. Defendant affirmatively pleads the fortuity doctrine as a bar to recovery. Plaintiff cannot recover against Defendant for any pre-existing damages and/or damages that were already losses-in-progress or addressed in prior claims.

76. By way of additional affirmative defense, Defendant asserts that Plaintiff is barred from recovery under the doctrine of concurrent causation.

77. Defendant pleads the doctrine of laches as an additional affirmative defense.

78. Defendant asserts the doctrine of estoppel.

79. Defendant asserts that Plaintiff has not pled and cannot prove any independent injury.

80. Defendant asserts that coverage cannot be created by waiver.

81. Defendant asserts that Plaintiff's damages at issue in this lawsuit, if any, are due to intervening, superseding causes wholly unrelated to Defendant and over which Defendant had and exercised no control.

82. Defendant asserts that Plaintiff's damages, if any, were caused by a new and independent cause or causes not reasonably foreseeable by Defendant. This new and independent cause(s) was the immediate and efficient cause of injury, if any, to Plaintiff. The acts or omissions

alleged by Plaintiff against Defendant were remote and were not the proximate or producing cause of any of any of Plaintiff's alleged damages.

83. Defendant affirmatively pleads that Plaintiff's damages sought by this lawsuit are not the result of any act or omission attributable to Defendant.

84. Defendant asserts any and all applicable legal and equitable damage limitations and reserves the right to amend its answer to allege any additional defenses that might be appropriate in this case.

### IV.   JURY DEMAND

85. Pursuant to Federal Rule of Civil Procedure 38, Defendant asserts its rights under the Seventh Amendment to the U.S. Constitution and demands a trial by jury on all issues.

### V.   CONCLUSION

86. Defendant Allstate Texas Lloyd's requests that after trial, Plaintiff recover nothing, that all costs be assessed against Plaintiff and that Defendant be granted such other and further relief, at law and in equity, to which it is entitled.

Respectfully submitted,

By:   /s/Tiffany A. Au
    Roger C. Higgins
    Texas State Bar 09601500
    rhiggins@thompsoncoe.com
    Tiffany A. Au
    Texas State Bar 24075842
    tau@thompsoncoe.com
    Thompson, Coe, Cousins & Irons, L.L.P.
    Plaza of the Americas
    700 N. Pearl Street
    Twenty-Fifth Floor
    Dallas, Texas 75201-2832
    Telephone: (214) 871-8200
    Telecopy: (214) 880-2879

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of March, 2024, a copy of this document was served to all Counsel of Record via electronic notice to:

Naomi Lara
Email: naomi@pdattorney.com
Perry Dominguez Law Firm PLLC
2101 NW Military Hwy
Castle Hills, TX  78213
Phone: 210-562-2879
Fax: 210-570-2322
*Attorney for Plaintiff*

      /s/ Tiffany A. Au
      Tiffany A. Au

## **VERIFICATION**

STATE OF TEXAS

COUNTY OF DALLAS

    BEFORE ME, the undersigned authority, on this day personally appeared TIFFANY A. AU, who being me first duly sworn did on her oath depose and say that all factual assertions contained within Section II above are true and correct.

_____
TIFFANY A. AU

    SUBSCRIBED AND SWORN TO BEFORE ME this 6th day of March, 2024.

_____
Notary Public, State of Texas

_____
Printed Name of Notary

PAMELA J WHINNERY
Notary Public, State of Texas
Notary ID#: 49058-8
My Commission Expires 02-02-2025

Pamela J. Whinnery